UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAYMOND A. BRILEY,

    Plaintiff,

    v.     CAUSE NO.: 3:17-CV-522-JD-MGG

JULIE LAWSON, et al.,

    Defendants.

OPINION AND ORDER

Raymond A. Briley, a prisoner without a lawyer, filed a complaint against Warden Julie Lawson and staff members at the St. Joseph County Jail. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint.

Briley alleges that, on June 13, 2017, he slipped and fell in a puddle of water in his housing unit at the St. Joseph County Jail, which resulted in injuries to his neck, back, tailbone, shoulder, wrists, and hip. When Officers Myers, Merrill, and Rayl came to assist him, he heard them discussing that they knew an accident would occur as a result of the leaking roof and that the warden should have repaired the leak. The unit had been locked down on multiple occasions due to this leak. When Officer McPherson arrived, the officers asked Briley about what happened. Briley told the officers about his slip-and-fall, and the officers asked Briley if he was suicidal, which he denied. Despite

this denial, the officers placed Briley on suicide watch and prevented Briley from receiving the medical care he needed for his injuries. They also issued disciplinary reports against Briley.

To start, Briley alleges that all defendants were deliberately indifferent to the risks posed by the wet floor conditions in his housing unit. "In order to state a claim under the Eighth Amendment for deliberate indifference to a hazardous condition of confinement, [a prisoner] needed only to allege that [a defendant] deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm."[1] *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). However, "[f]ederal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement." *Id.* Because the allegations describe nothing more than a wet floor, this claim is dismissed. Additionally, because this is the only claim he asserts against the warden and the maintenance supervisor, those defendants are dismissed.

Next, Briley alleges that Deputies Myers, Merrill, and Rayl, and Lieutenant McPherson acted with deliberate indifference to his medical needs by preventing him from receiving medical attention after the slip-and-fall. To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical

---

[1] **Error! Main Document Only.**Though Briley states that the events occurred as he was awaiting trial, he was sentenced to four years of incarceration on June 8, 2017. *See State v. Briley*, 71D08-409-FD-956, 71D08-404-FD-415, 71D08-1701-F6-54, available at http://www.in.gov/judiciary/. Because the events occurred after the sentencing, Briley's claims of deliberate indifference will be considered under the Eighth Amendment rather than the Fourteenth Amendment. *See Lewis v. Downey*, 581 F.3d 467, 474 (7th Cir. 2009).

need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Though Briley offers only a vague description of his injuries, he states that they were painful and prevented him from clothing himself. He thus plausibly states a claim of deliberate indifference to his medical needs and may proceed on this claim.

Further, Briley alleges that Deputies Myers, Merrill, and Rayl, and Lieutenant McPherson retaliated against him for informing them about the slip-and-fall by denying him medical care, placing him on suicide watch, and by issuing disciplinary reports. "To prevail on his First Amendment retaliation claim, [a plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). A plaintiff "must allege a chronology of events from which retaliation may plausibly be inferred." *Cain v. Lane*, 857 F.2d 1139, 1143 (7th Cir. 1988). The complaint is light on detail

3

regarding this claim, but giving Briley all the inferences to which he is entitled at this stage, he adequately states a claim of First Amendment retaliation.

For these reasons, the court:

(1) GRANTS Raymond A. Briley leave to proceed on a claim against Deputy Myers, Deputy Merrill, Deputy Rayl, and Lieutenant McPherson for denying him medical treatment after a slip-and-fall in violation of the Eighth Amendment;

(2) GRANTS Raymond A. Briley leave to proceed on a claim against Deputy Myers, Deputy Merrill, Deputy Rayl, and Lieutenant McPherson for denying him medical treatment, placing him on suicide watch, and issuing disciplinary reports in retaliation for informing them about a slip-and-fall in violation of the First Amendment;

(3) DISMISSES Warden Julie Lawson and Unknown Maintenance Supervisor;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Deputy Myers, Deputy Merrill, Deputy Rayl, and Lieutenant McPherson at the St. Joseph County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Deputy Myers, Deputy Merrill, Deputy Rayl, and Lieutenant McPherson respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Raymond A. Briley has been granted leave to proceed in this screening order.

SO ORDERED on February 8, 2018.

    /s/ JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT