UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAYMOND A. BRILEY,

    Plaintiff,

    v.

JULIE LAWSON, et al.,

    Defendants.

CAUSE NO.: 3:17-CV-522-JD-MGG

OPINION AND ORDER

Raymond A. Briley, a prisoner without a lawyer, has filed a motion to strike the defendants' affirmative defenses. Rule 12(f) states that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). Motions to strike are generally disfavored because they consume scarce judicial resources, *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006), and "potentially serve only to delay," *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (citation omitted). However, "where . . . motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Id.*

"Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings." *Id.* (citation omitted); *see also Williams v. Jader Fuel*, 944 F.2d 1388, 1400 (7th Cir. 1991). "Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *Heller Fin., Inc.*, 883 F.2d at 1294

(citation omitted). "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Id.* (citation omitted). "Thus, defenses must set forth a 'short and plain statement,' Fed. R. Civ. P. 8(a), of the defense." *Id.* (citation omitted).

Briley proceeds against four individual defendants, seeking money damages, for denying him medical treatment for a slip-and-fall and for retaliation against him by denying him medical treatment, placing him on suicide watch, and issuing disciplinary reports. ECF 14. In response, the defendants have asserted the following affirmative defenses:

> 1. Plaintiff's Complaint failed to state a claim upon which relief can be granted.
>
> 2. For any force that was used, Defendants used only an objectively reasonable amount of force necessary to protect the safety of Defendants, Plaintiff and others, and to effectuate compliance by Plaintiff.
>
> 3. Defendants are entitled to immunity and/or qualified immunity for all and/or a portion of the claims asserted.
>
> 4. Plaintiff has failed to mitigate his damages.

ECF 23 at 9-10. The first asserted defense provides no notice as to why the defendants believe that the complaint does not state a claim and does not comply with the pleading requirements of Rule 8. The defendants concede that the second asserted defense does not relate to Briley's claims. ECF 29 at 3. Therefore, the motion to strike is granted with respect to these defenses.

Briley argues that the amended answer should be stricken because the defendants failed to seek leave of court before filing an amended answer. "A party may

2

amend its pleading once as a matter of course within 21 days after serving it." Fed. R. Civ. P. 15(a)(1). The defendants filed their initial answer on March 27, 2018, and amended the answer fifteen days later on April 12, 2018. ECF 21, 23. Therefore, leave of court was not required for the defendants to amend the answer, and the court will not strike the answer on this basis.

Briley further argues that the affirmative defenses should be stricken because the defendants failed to provide a factual basis to support them. "The Seventh Circuit Court of Appeals has not yet decided whether the pleading standard for a complaint set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applies to all Rule 8 pleadings, including affirmative defenses." *Husainy v. Allied Collection Serv., Inc.*, 2016 WL 1604825, at *1 (N.D. Ind. 2016). For the reasons set forth by Magistrate Judge Paul R. Cherry in *Cottle v. Falcon Holdings Management, LLC*, 2012 WL 266968, at *1-3 (N.D. Ind. 2012), this Court agrees with those cases that decline to apply the "plausibility" standard of *Iqbal* and *Twombly* to affirmative defenses. Stated otherwise, the defendants are not required to provide a factual basis to assert an affirmative defense.

Finally, Briley argues that the affirmative defenses of qualified immunity and failure to mitigate damages should be stricken because they do not apply to his claims. Though these affirmative defenses ultimately may not apply to this case, further factual development is required to make this determination, and they are sufficient to survive the pleading stage. Therefore, the motion to strike will be denied with respect to these affirmative defenses.

For these reasons, the court:

(1) GRANTS in part and DENIES in part the motion strike (ECF 26); and

(2) STRIKES the first and second asserted affirmative defenses in the amended answer (ECF 23).

SO ORDERED on May 14, 2018

s/Michael G. Gotsch, Sr.<br>
Michael G. Gotsch, Sr.<br>
United States Magistrate Judge