UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAYMOND A. BRILEY,

    Plaintiff,

    v.      CAUSE NO.: 3:17-CV-522-JD-MGG

MR MCPHERSON, et al.,

    Defendants.

## OPINION AND ORDER

Raymond A. Briley, a prisoner without a lawyer, currently proceeds on claims against Deputy Myers, Deputy Merrill, Deputy Rayl, and Lieutenant McPherson for denying him medical treatment after a slip-and-fall at the St. Joseph County Jail in violation of the Eighth Amendment ECF 14. He also proceeds on a claim that these defendants placed him on suicide watch and issued disciplinary reports against him for informing them of his slip-and-fall in violation of the First Amendment.

Briley now moves for summary judgment, arguing that the defendants have offered no facts to support their defense and ignored the deadlines in the scheduling order. He further argues that, based on the evidence he has filed, the defendants cannot dispute that they violated his rights under the First and Eighth Amendments. The defendants respond that the burden of proof rests with Briley and that they complied with the scheduling deadlines. Briley replies that the incident reports prepared by the defendants demonstrate that he is entitled to summary judgment.

According to the incident reports (ECF 47 at 9-12), a nurse saw Briley fall in the dayroom in a small puddle of water that had formed because of a leaky ceiling. Lieutenant McPherson told Deputy Myers, Deputy Rayl, and Deputy Merrill that he had reviewed the video surveillance footage and that Briley had fallen intentionally. Lieutenant McPherson observed that Briley had jogged toward the puddle of water, immediately fell on his back, cushioned his fall with his right arm and shoulder, and remained on the floor until staff arrived. Lieutenant McPherson asked Briley if he was suicidal or had any intention of harming himself, and Briley said no. Nevertheless, Lieutenant McPherson believed that the fall was intentional and placed on Briley suicide watch due to concerns for his safety. Lieutenant McPherson also charged Briley with disruptive conduct, malingering, and lying to staff.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether summary judgment is appropriate, the deciding court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010).

Briley alleges that the defendants acted with deliberate indifference to his medical needs by preventing him from receiving medical attention after the slip-and-fall. To prevail on this claim, Briley must show: (1) his medical need was objectively

serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Notably, the record does not demonstrate nor has Briley identified a serious medical need. While a slip-and-fall may result in injury, it is not, by itself, a serious medical need. As a result, he is not entitled to summary judgment on this claim.

Briley also alleges that the defendants retaliated against him for informing them about the slip-and-fall by placing him on suicide watch and by issuing disciplinary reports. To prevail on this claim, Briley must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "[W]hen a prison regulation impinges on inmates' constitutional rights,

the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987) *Kaufman v. McCaughtry*, 419 F.3d 678, 682 (7th Cir. 2005).

Though Briley contends that he was placed on suicide watch in retaliation for reporting the slip-and-fall, the incident report suggests that Lieutenant McPherson decided to place Briley on suicide watch based on what he saw on video surveillance rather than any speech or expression from Briley.[1] Moreover, though Lieutenant McPherson initiated disciplinary charges against Briley for reporting the slip-and-fall, the incident reports suggest that the report may not have been protected First Amendment activity; based on the incident reports, a reasonable jury could conclude that Briley had staged the slip-and-fell, and the State has a legitimate penological interest in preventing inmates from misleading correctional staff. Because issues of material fact remain disputed, Briley is not entitled to summary judgment on his First Amendment claim, and the motion for summary judgment is denied.

As a final matter, on December 12, 2018, following a status conference, the court reopened discovery with a deadline of February 11, 2019, and indicated that a dispositive motion deadline would be set thereafter. ECF 42. Because the discovery

---

[1] Though Briley has not established that he is entitled to summary judgment, McPherson's motivation for placing Briley on suicide watch remains unclear. While Lieutenant McPherson may have reasonably believed that Briley had staged a slip-and-fall, it does not follow that suicidal intent motivated Briley rather than, for example, financial gain. Given the relevance of the motivation to the retaliation claim, the court encourages the defendants to explain the reasoning for placing Briley on suicide watch in their motion for summary judgment.

4

deadline has passed and there are no pending discovery motions, the court sets the dispositive motion deadline for April 1, 2019.

For these reasons, the court:

(1) DENIES the motion for summary judgment (ECF 40); and

(2) ORDERS the parties to file dispositive motions by April 1, 2019.

SO ORDERED on February 28, 2019

/s/ JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT