UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAYMOND A. BRILEY,

   Plaintiff,

  v.            CAUSE NO.: 3:17-CV-522-JD-MGG

JULIE LAWSON, et al.,

   Defendants.

OPINION AND ORDER

Raymond A. Briley, a prisoner without a lawyer, currently proceeds on claims against Deputy Myers, Deputy Merrill, Deputy Rayl, and Lieutenant McPherson for denying him medical treatment after a slip-and-fall at the St. Joseph County Jail in violation of the Eighth Amendment ECF 14. He also proceeds on a claim that these defendants placed him on suicide watch and issued disciplinary reports against him for informing them of his slip-and-fall in violation of the First Amendment. The defendants filed the instant motion for summary judgment on all claims, and Briley has filed a response.

FACTS

At all relevant times, Briley was a prisoner at the St. Joseph County Jail, and the defendants were correctional staff at the St. Joseph County Jail. According to the defendants' exhibits, which include affidavits, jail policies, incident reports, and medical records, the following occurred. During the afternoon on June 13, 2017, Briley fell in the dayroom in a small puddle of water that had formed because of a leaky

ceiling. ECF 56-1. Nurse Dawn told Deputy Myers that she saw the fall, and Deputy Myers called out "man down" over the jail radio system. *Id.* Deputy Myers, Deputy Merrill, Deputy Rayl, and Nurse Dawn entered the dayroom, and Nurse Dawn evaluated Briley. *Id.* Meanwhile, in the tech room, Lieutenant McPherson reviewed the video surveillance footage and observed that Briley had jogged toward the puddle of water, immediately fell on his back, cushioned his fall with his right arm and shoulder, and remained on the floor until staff arrived. ECF 56-4. He concluded that the fall was intentional, announced his conclusion over the radio, and went to the dayroom. *Id.* Nurse Dawn told Lieutenant McPherson that she evaluated Briley but did not see any injuries. *Id.*

Upon his arrival, Lieutenant McPherson asked Briley if he was suicidal or had any intention of harming himself, and Briley said no. *Id.* Nevertheless, Lieutenant McPherson believed that the intentional fall was unusual behavior and suggested a desire for self-harm, and he referred Briley to Mental Health Services, who placed him on suicide watch. *Id.* He based this decision on the St. Joseph County Jail policy on suicide prevention and intervention as well as his training on determining whether an inmate requires mental health treatment. *Id.* The policy includes the following:

> Any staff member who perceives an inmate as a possible suicide risk will notify medical and supervisory staff immediately. Any inmate identified as needing to see mental health personnel will have a referral form filled out which includes observed behavior, relevant statement, past and current mental health problems or suicidal tendencies, date form filled out, and staff member filling out form.

*Id.*

Later that evening, Briley reported pain, and medical staff measured his vitals and gave him Tylenol. ECF 56-5 at 8. On June 14, 2017, Briley had no complaints, and medical staff noted no significant symptoms. *Id.* On June 15, medical staff discharged Briley from suicide watch. *Id.* at 23. X-rays of the spine and right shoulder revealed only degenerative changes. *Id.* at 10, 13.

Based on his belief that Briley fell intentionally, Lieutenant McPherson also charged Briley with disruptive conduct, malingering, and lying to staff under the jail disciplinary policy. ECF 56-4. A disciplinary hearing officer found him guilty based on conduct reports and the video surveillance recording. *Id.*

In response, Briley maintains that he was injured as a result of the fall, that the defendants denied him medical attention, and that the suicide watch placement and the disciplinary constituted retaliation. ECF 60. He contends that his attempt to break his fall with his hand demonstrates that he had no intent to harm himself. He further contends that the defendants have shown themselves to be untruthful by falsely asserting that he failed to exhaust administrative remedies.

## DISCUSSION

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether summary judgment is appropriate, the deciding court must construe all facts in the light most favorable to the

3

non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). "[V]aluations of witness credibility are inappropriate at the summary judgment stage." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Briley alleges that the defendants acted with deliberate indifference to his medical needs by preventing him from receiving medical attention after the slip-and-fall. To prevail on this claim, Briley must show: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

To start, Briley has not identified a serious medical need or a specific injury. While a slip-and-fall may result in injury, it is not, by itself, a serious medical need. Notably, no medical evidence indicates that Briley was injured; instead, the X-rays to his spine and right shoulder reveal only degenerative changes. Further, the undisputed record does not indicate that the defendants deprived Briley of medical attention. According to the record, Deputy Myers, Deputy Merrill, and Deputy Rayl brought

4

Nurse Dawn with them in the immediate response to Briley's fall. Nurse Dawn assessed Briley, observed no injuries, and relayed her conclusions to the defendants. Lieutenant McPherson then submitted a mental health referral to the medical unit, and he was placed on suicide watch under the care of medical staff. Because no evidence suggests that the defendants acted with deliberate indifference to serious medical needs, the motion for summary judgment is granted with respect to the Eighth Amendment claim.

Briley also alleges that the defendants retaliated against him for informing them about the slip-and-fall by placing him on suicide watch and by issuing disciplinary reports. To prevail on this claim, Briley must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). "Once the plaintiff proves that an improper purpose was a motivating factor, the burden shifts to the defendant . . . to prove by a preponderance of the evidence that the same actions would have occurred in the absence of the protected conduct." *Spiegla v. Hull*, 371 F.3d 928, 943 (7th Cir. 2004); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996). Significantly, the record contains no evidence to suggest that Deputy Myers, Deputy Merrill, and Deputy Rayl were involved with the decision to place Briley on suicide watch or to issue him disciplinary reports.

Briley also cannot proceed on this claim against Lieutenant McPherson because no evidence suggests that protected activity motivated Lieutenant McPherson's

conduct. The record indicates that Lieutenant McPherson was notified of the fall by Deputy Myers' radio call and by reviewing the surveillance video in the tech room. The record further demonstrates Lieutenant McPherson decided to refer Briley to mental health and to take disciplinary action based on his belief that the fall was intentional, a belief he had formed before speaking with Briley or otherwise becoming aware of Briley engaging in protected activity. Considering this belief, Lieutenant McPherson acted appropriately by taking disciplinary action, which Briley has conceded. ECF 47 at 6. Though Briley describes his placement on suicide watch as unnecessary and degrading, Lieutenant McPherson explains that he observed Briley engaged in an unusual act of intentional self-harm and referred Briley to mental health in accordance with his training and jail policy. Nothing in the record contradicts this explanation, and, even if placement on suicide watch was unjustified and punitive, the record contains no evidence that Lieutenant McPherson's decision was motivated by protected activity. Therefore, the motion for summary judgment is granted with respect to the First Amendment claim of retaliation.

In sum, the court grants summary judgment on Briley's claims under the First and Eight Amendments in favor of the defendants, and there are no remaining claims in this case.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 55); and

(2) DIRECTS the clerk to enter judgment and to close this case.

SO ORDERED on June 20, 2019

                                            /s/ JON E. DEGUILIO
                                    JUDGE
                                    UNITED STATES DISTRICT COURT